RAUP, P.J.,
This case presents the first opportunity for our court to construe and to review the validity of certain aspects of the state’s new Controlled Substances Forfeiture Act. The act enables the Commonwealth to begin civil forfeiture proceedings against a property owner for property which has been used to facilitate a narcotics transaction. 42 Pa.C.S. §6801(a)(6)(i)(C). At issue in this case is the application of the Controlled Substances Forfeiture Act, as well as its constitutionality.
According to the affidavit of the Chief County Detective of Lycoming County, on May 10, 1989, he met with a confidential informant regarding the purchase of marijuana from the owner, Nick W. Kinney. The affiant states that he met with the confidential informant for the purpose of purchasing controlled substances from the owner. The affiant states that he observed the informant enter the Kinney residence and then leave with an assortment of drug paraphernalia. The affiant transported the suspected controlled substances to the state police crime laboratory, where they were found to in fact contain cocaine and marijuana.
Based on these facts, the affiant requested that a seizure warrant/writ of entry be issued by the court. *105 On August 16, 1989, the Honorable Clinton W. Smith entered an order pursuant to section 6801 of the Judicial Code. This order provided for the entry of agents of the Commonwealth onto the premises to conduct “a reasonable and necessary structural inspection” of the property. Furthermore, the order granted the Commonwealth the power to seize the property, and the Commonwealth notified counsel for the owner that it intended to physically seize the property and exclude the occupants thereof.
Consequently, the owner filed a petition for temporary restraining order/permanent injunction to prevent the Commonwealth from taking or attempting to take possession of the property and allowing the owner to maintain possession of the property pending further proceedings. Briefs have been filed by both parties and the issue is now ripe for consideration.
Defendant argues that he is entitled to a stay of the forfeiture proceedings pending the disposition of criminal charges, and that the act itself is unconstitutional for providing a civil penalty so punitive in purpose and effect as to negate the General Assembly’s intention to provide for a civil penalty. The Commonwealth also asks the court to decide whether the act enables the Commonwealth to remove occupants of the seized premises.
The first issue in the case is the owner’s entitlement to a stay of proceedings pending the disposition of criminal charges. The owner argues that he is so entitled. Since the Commonwealth now also agrees that Nick W. Kinney is entitled to a stay of proceedings pending the disposition of criminal charges, there is no longer a controversy on that point.
The owner argues that the act itself is unconstitutional on its face or as applied in this case. The basis *106 for his claim is that the act, although purportedly providing for a civil remedy, is so punitive in purpose and effect as to negate the General Assembly’s intention to provide for a civil penalty.
This argument has been considered before in relation with the federal Comprehensive Drug Abuse Prevention and Control Act, whose provisions are identical to the relevant provisions of the Pennsylvania Act. The court applied the tests set forth in United States v. Ward, 448 U.S. 242 (1980), which is relied on by defendant in the present case, and held that the statute did not violate due process despite the contention that forfeiture was so punitive in nature that it constituted criminal punishment rather than a civil penalty.
In United States v. Premises Known as 2639 Meetinghouse, 633 F.Supp. 979 (E.D. Pa. 1986), the court held that the forfeiture provision of the act was not unconstitutional on the ground that it permits criminal punishment by a civil burden of proof in violation of the Fifth and Sixth Amendments.
The U.S. District Court outlined the Supreme Court’s two-prong determination for distinguishing criminal from civil sanctions; a determination whether Congress indicated either expressly or impliedly a preference for one label or the other, and where Congress has indicated an intention to establish a civil penalty, the inquiry is whether the statutory scheme was so punitive either in purpose or effect as to negate that intention. 2639 Meetinghouse at 993, citing United States v. Ward, 448 U.S. 242 (1980). And in United States v. One Assortment of 89 Firearms, the court ruled that “only the clearest proof” will suffice to establish the unconstitutionality of a statute on that ground. 465 U.S. 354, 362 (1984).
*107 The court in 2639 Meetinghouse ruled that the clearest-proof standard was not met as the legislative history clearly suggested that the act is designed to serve broad, non-punitive purposes, including:
“[Rjemoving the incentive to engage in the drug trade by denying drug dealers the proceeds of ill-gotten gains, stripping the drug trade of its instru-mentalities, including money, and financing government programs designed to eliminate drug trafficking.” 2639 Meetinghouse at 994, citing 95th Cong., 2d Sess., 124 Cong. R. 23055-7; 7 U.S. Code Cong. R. & Ad. News, 9456, 9523 (1978)).
We agree with the U.S. District Court in 2639 Meetinghouse and rule that its rationale is applicable to Pennsylvania’s Controlled Substances Forfeiture Act.
The owner retorts that since his alleged deed was not among the stated actions in which the act was meant to remedy, the Forfeiture Act is unconstitutional for imposing a criminal sanction as opposed to a civil penalty. We disagree.
The stated purpose to the act is to remove the incentive to engage in the drug trade while financing government programs designed to eliminate drug trafficking. In this case the owner has allegedly used the property in question as the site for illegal drug transactions. Therefore the property would be an instrumentality of the owner’s allegedly illegal actions, and specifically subject to the act’s stated purpose. Accordingly, the owner’s challenge to the constitutionality of the Controlled Substances Forfeiture Act fails.
Moreover, based upon the oral argument given before the court at the time of the hearing, the owner’s petition to enjoin the Commonwealth from removing the occupants of the real estate is summarily denied.
*108 ORDER
And now, November 22, 1989, for the reasons set forth in the foregoing discussion, it is hereby ordered and directed that owner’s motion for stay is granted, but otherwise the motion is denied.